**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEROY HEATH,**

      **Plaintiff,**

**v.**                               **Case No:  6:14-cv-2023-Orl-28TBS**

**DEANS FOOD T.G. LEE,**

      **Defendant.**

_____

**ORDER**

Plaintiff, Leroy Heath, sued Defendant, Deans Food T.G. Lee [1]—his former employer—for violations of the Americans with Disabilities Act, the Family and Medical Leave Act, and Title VII of the Civil Rights Act. (Compl., Doc. 1).  Defendant filed an Answer and Statement of Defenses, in which it listed twenty-one defenses.  (Doc. 12).  The case is now before the Court on Plaintiff's Motion to Strike Affirmative Defenses. [2] (Doc. 15).

"In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it . . . [and] affirmatively state any avoidance or affirmative defense . . . ." [3]  Fed. R. Civ. P. 8(b)(1)(A) & (c)(1).  "Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new

---

[1] According to Defendant, "Plaintiff incorrectly named Deans Food T.G. Lee as the Defendant.  The proper Defendant is Dean Dairy Holdings, LLC, d/b/a T.G. Lee Dairy." (Doc. 12 at 1 n.1).

[2] Specifically, Plaintiff seeks to strike the first, second, sixth, thirteenth, fifteenth, sixteenth, nineteenth, twentieth, and twenty-first defenses.  (Doc. 15 ¶ 3).

[3] Defendant did not label the defenses as affirmative defenses, but Defendant appears to concede in its Response (Doc. 19) to Plaintiff's motion—and the Court thus assumes—that it intended to bring the defenses as affirmative defenses.

allegations showing excuse, justification or some other negating matter." Gonzalez v. Midland Credit Mgmt., Inc., No. 6:13-cv-1576, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988).

Courts have discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962); Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (internal quotation marks omitted). Courts may strike an affirmative defense when the defense is insufficient as a matter of law. See Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779-80 (11th Cir. 1982).

In addition, affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(b) and (c). See, e.g., Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014). It is unclear whether the pleading standard for complaints articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses. Courts within this circuit have differed on this issue.

2

See, e.g., Gonzalez, 2013 WL 5970721, at *2 (noting that the Eleventh Circuit had not ruled on this issue and comparing district court cases); Adams, 2011 WL 2938467, at *2-4 (same).   After considering these cases, I conclude that the Iqbal/Twombly pleading standard does not apply to affirmative defenses. Nevertheless, a defendant is still required to "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and the affirmative defenses "must give the plaintiff fair notice of issues that may be raised at trial." Dougan v. Armitage Plumbing, LLC, No. 6:11-cv-1409-Orl-22KRS, 2011 WL 5983352, at *1 (M.D. Fla. Nov. 14, 2011); see also Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

Plaintiff argues that several of the defenses should be stricken because they are not affirmative defenses. When a defendant labels a negative averment as an affirmative defense instead of a specific denial, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." Bartram, LLC v. Landmark Am. Ins. Co., No. 1:10-cv-28-SPM/AK, 2010 WL 4736830, at *2 (N.D. Fla. Nov. 16, 2010). In the first defense, Defendant alleges that "Plaintiff's claims fail . . . to state a claim upon which relief can be granted." (Doc. 12 at 7-8). I construe Defendant's first defense as a specific denial to Plaintiff's claims which should not be stricken. See Dougan, 2011 WL 5983352, at *1 (construing the defense as a specific denial and finding it gave the plaintiff fair notice). The same is true of defenses 13 (Plaintiff did not participate in protected activity), 19 (Plaintiff was not disabled), 20 (Defendant did not perceive Plaintiff as disabled), and 21 (Plaintiff is not a qualified individual with a disability). All of these defenses are specific denials to

Plaintiff's claims that provide Plaintiff "with fair notice without further allegations of fact." Id. Accordingly, Plaintiff's motion must be denied with respect to these defenses, and these defenses will not be stricken.

Plaintiff also seeks to strike several defenses that are affirmative defenses. Defendant's second defense sets forth several different affirmative defenses: "Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands." (Doc. 12 at 8). Defendant's sixteenth defense also sets forth alternative defenses: "Plaintiff's claims are barred by release and/or accord and satisfaction . . . ." (Id. at 10). These defenses are stated so generally that they constitute no notice of the defenses that Defendant will raise at trial. Accordingly, Plaintiff's motion will be granted as to the second and sixteenth defenses, and these defenses will be stricken.

Plaintiff challenges two additional defenses brought by Defendant: the sixth defense, which alleges that "Plaintiff's claims are barred to the extent that discovery shows Plaintiff engaged in misconduct" relating to his employment, and the fifteenth defense, which alleges that "Plaintiff's claims are barred by the after-acquired evidence doctrine." (Doc. 12 at 8 & 10).   Though Defendant's statements of these defenses are cursory, Plaintiff has notice of the nature of the defenses, and these defenses will not be stricken.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Plaintiff's Motion to Strike Affirmative Defenses (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**, as stated herein.

2.      Defendant's second and sixteenth defenses are **STRICKEN**.  Defendant is granted leave to amend its Answer and Statement of Defenses **on or before Friday, April**

4

24, 2015. Failure to amend by this date will result in Defendant's waiver of the second and

sixteenth defenses.

    **DONE** and **ORDERED** in Orlando, Florida, on April ___, 2015.

                                   JOHN ANTOON II
                             United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties